IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YVONNE GARCIA (#33274-179), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3695 |
| | § | |
| WARDEN AL HAYNES, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Yvonne Garcia (#33274-179), is in custody of the United States Bureau of Prisons (the "BOP"). She has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of her sentence. After reviewing all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

**I.   BACKGROUND**

Garcia is presently in custody at the Federal Detention Center ("FDC") in Houston, Texas. Court records reflect that Garcia pled guilty on August 3, 2004, to charges of possession with intent to distribute approximately 4.2 kilograms of cocaine. *See United States v. Garcia*, Criminal No. 1:04-0489-01 (S.D. Tex.). As a result, Garcia was sentenced to serve just over three years (38 months) in federal prison.

Garcia does not challenge her underlying conviction here. Instead, Garcia contends that she is entitled to federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge a decision about her custodial status following a disciplinary infraction that has affected her early release from prison. According to the pleadings, Garcia was scheduled for early release

from custody following a term of confinement at a local half-way house. Garcia explains that she was released from prison to the Leidel Comprehensive Sanction Center on February 9, 2006. Garcia was reportedly scheduled for early release from that facility on August 7, 2006. On June 13, 2006, however, Garcia was charged with violating disciplinary rules in place at the half-way house by "Being in an Unauthorized Area." As a result of this disciplinary infraction, Garcia was removed from the half-way house and returned to the FDC on June 16, 2006, where she remains to this date.

Garcia complains that she was not served with a copy of the disciplinary incident report until 1 ½ days after her arrival at the FDC. She states further that the respondent has not commenced any formal proceedings against her pursuant to the incident report in violation of regulations found at 28 C.F.R. § 541, which govern disciplinary proceedings for inmates incarcerated in the BOP and designated contract facilities. Garcia argues, therefore, that she has been detained past her scheduled early release date without due process. The Court concludes, however, that the petition must be dismissed because Garcia has not exhausted available administrative remedies.

## II.  DISCUSSION

The petitioner in this case seeks federal habeas corpus relief from the administration of her sentence as the result of a prison disciplinary infraction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that

"the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Absent a showing that the petitioner has been deprived of some right secured by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).

Garcia complains that she was denied due process in connection with a disciplinary violation assessed against her. Garcia does not indicate, however, that she filed an administrative grievance to raise this complaint with prison officials. If Garcia did file an administrative grievance, she does not disclose what response she received or state any facts demonstrating that the result was incorrect. Absent such a showing, the conclusory facts recited by Garcia do not establish that she has been detained in violation of the Constitution. More importantly, Garcia has not demonstrated that she exhausted the requisite administrative remedies before filing her federal habeas corpus petition under 28 U.S.C. § 2241.

The Fifth Circuit has determined that a federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted); *Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such

remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted)).  Exceptions to the exhaustion requirement are appropriate only where "'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quotation omitted).  The petitioner bears the burden of showing the futility of exhaustion. *Id*.

The BOP has established a three-step formal administrative remedy program for federal prisoners.  *See* 28 C.F.R. §§ 542.10 – 542.19 (2006).  Under this system, an inmate must first present an issue of concern informally to staff.  *See id.* at § 542.13.  If informal resolution is not successful, the inmate may file a formal grievance with the warden. *See id*. at § 542.14.  Once the warden denies an inmate's grievance, the prisoner may appeal to the Regional Director.  *See id*. at § 542.15.  If dissatisfied with that response, the inmate may pursue a final appeal to the BOP's Office of General Counsel.  *See id*.  Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels.  *See Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert denied*, 516 U.S. 835 (1995).

The pleadings reflect that Garcia has not yet attempted to exhaust her administrative remedies with the BOP.  Likewise, Garcia does not demonstrate that it would be futile to require exhaustion under the circumstances alleged in her petition.  Accordingly, Garcia's petition must be dismissed as premature because she has failed to exhaust available administrative remedies.

III.   **CONCLUSION AND ORDER**

For all of the foregoing reasons, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus (Doc. # 1) is **DENIED** at this time as premature.

2. This case is **DISMISSED** without prejudice for failure to exhaust available administrative remedies.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on December 5, 2006.

Nancy F. Atlas
United States District Judge